Judge Zilly

-2 -R-153 #00000007

FILED
LODGED
ENTERED
RECEIVED

MAY - 2 2001

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR01-153Z |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| ERNEST JAMES JACKSON, | |
| Defendant. | |

Comes now the United States of America, by and through Katrina C. Pflaumer, United States Attorney, and Susan Loitz, Assistant United States Attorney for the Western District of Washington, and the defendant, Ernest James Jackson, and his attorney, Paula Deutsch, and enter into the following Agreement, pursuant to Rule 11(e), Federal Rules of Criminal Procedure.

1.   <u>Waiver of Indictment</u>.   The defendant, having been advised of the right to be charged by Indictment agrees to waive that right and enter a plea of guilty to a charge brought by the United States Attorney in an Information.

2.   <u>The Charge</u>. The defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and to enter a plea of guilty to the charge of knowingly and fraudulently making false statements under penalty of perjury in relation to a bankruptcy case, in violation of Title 18 U.S.C. Section 152(3), contained in the Information. By entering this plea of guilty, the defendant hereby waives any and all objections to the filed charge predicated on the form of the charging Information.

3.   <u>The Penalties</u>.       The defendant understands and acknowledges that the

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

1  statutory penalties for the offense of knowingly and fraudulently making a false statement

2  under penalty of perjury in relation to a bankruptcy case, as charged in the Information are

3  imprisonment for up to five (5) years, a fine of up to two hundred fifty thousand dollars

4  ($250,000.00), a period of supervision following release from prison of up to three (3) years,

5  and a one hundred dollar ($100.00) penalty assessment.  The defendant agrees to pay the

6  penalty assessment at or before the time of sentencing.

7       4.     Rights Waived by Pleading Guilty.      The defendant understands and

8  acknowledges that, by pleading guilty, he knowingly and voluntarily waives the following

9  rights:

10            a.     The right to plead not guilty, and to persist in a plea of not guilty;

11            b.     The right to be presumed innocent until guilt has been established at trial,

12  beyond a reasonable doubt;

13            c.     The right to trial before a jury of the defendant's peers, and at that trial,

14  the right to the effective assistance of counsel;

15            d.     The right to confront and cross-examine witnesses against the defendant;

16            e.     The right to compel or subpoena witnesses to appear on the defendant's

17  behalf;

18            f.     The right to testify or to remain silent at trial at which such silence could

19  not be used against the defendant; and

20            g.     The right to appeal a finding of guilty or any pretrial rulings.

21       5.     Applicability of Sentencing Guidelines.  The defendant understands and

22  acknowledges the following:

23            a.     That the United States Sentencing Guidelines, promulgated by the United

24  States Sentencing Commission, are applicable to this case;

25            b.     That the Court will determine the defendant's applicable Sentencing

26  Guidelines range at the time of sentencing;

27            c.     That the Court may impose any sentence authorized by law, including a

28  sentence that, under some circumstances, departs from any applicable Sentencing Guidelines

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1 | range up to the maximum term authorized by law;

2 |        d.    That the Court is not bound by any recommendation regarding the

3 | sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range

4 | offered by the parties, or by the United States Probation Department; and,

5 |        e.    The defendant may not withdraw a guilty plea solely because of the

6 | sentence imposed by the Court.

7 |     6.    <u>Ultimate Sentence</u>.  The defendant acknowledges that no one has promised or

8 | guaranteed what sentence the Court will impose.

9 |     7.    <u>Restitution</u>.  The defendant shall make restitution to Bruce P. Kriegman, the

10 | Chapter 7 Bankruptcy Trustee, for the benefit of the defendant's bankruptcy estate, in the

11 | amount of twenty-five thousand dollars ($25,000.00), less any monies already paid to or

12 | collected by the Mr. Kriegman under the judgment entered against the Defendant in

13 | connection with his Chapter 7 bankruptcy case.  Said amount shall be due and payable

14 | immediately.

15 |     8.    <u>Loss Amounts</u>.    The United States and the defendant agree that $25,000.00 is

16 | the correct amount of loss for purposes of § 2F1.1(b)(1) of the sentencing guidelines.

17 |     9.    <u>Elements of the Offense</u>.    The United States and the defendant agree that the

18 | elements of the offense charged in the Information are that: a.) on or about February 11,

19 | 1997, the defendant knowingly and fraudulently gave the answers set forth in the Information

20 | under penalty of perjury in response to questions connection with how he was supporting

21 | himself; b.) the statements were given in connection with his bankruptcy case which was filed

22 | under Title 11 of the United States Code, c.) he knew at the time he testified that these

23 | answers were false and misleading; and d.) this false and misleading testimony was material to

24 | his bankruptcy case.

25 |     10.    <u>Statement of Facts</u>. The parties agree on the following facts for purposes of

26 | calculating the base offense level of the sentencing guidelines.

27 |        a.    The defendant filed a Chapter 7 Bankruptcy petition on or about

28 | December 12, 1996.

PLEA AGREEMENT/Ernest James Jackson - 3
1999R00797

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

b.     On or about February 11, 1997, in connection with his Chapter 7 Bankruptcy case, the defendant testified under penalty of perjury at a creditors' meeting held pursuant to Title 11, Section 341 of the Bankruptcy Code.

c.     During such testimony, the defendant knowingly and fraudulently made false statements under oath in response to inquiries about how he was supporting himself. Specifically, in response to the questions set forth below, the defendant provided the answers set forth below:

"Q:   But how are you presently paying your rent and paying for food, et cetera, at present?

A:    ... I've -- I'm sharing with my children, and I haven't paid them my share of the rent yet."
....

"Q:   So I guess my question still stands, though: How are you supporting    yourself? Because she's [JACKSON'S daughter] providing you the housing, but where are you getting the money to pay for food and things like that?

A.    Well, it's getting pretty skinny.

Q:    Well, how are you doing with skinny that you got?  That's what I'm   asking.

A:    Well, I had a few dollars on my schedule when I filed.

Q:    Right, Right.

A:    And I eat with the kids a lot."

d.     Such testimony was false and misleading in that the defendant knew at the time of this testimony that he was receiving $2,000 to $3,000 a month for management of the Rocking J Ranch and was using that money to help support himself.

e.     Such false and misleading testimony was material to the defendant's then pending Chapter 7 Bankruptcy case.

11.   <u>Acceptance of Responsibility</u>.    If the defendant has accepted responsibility for the offense(s) and the United States Probation Office recommends to the Court that the defendant receive a downward adjustment to the sentencing guidelines range because of his acceptance of responsibility, and if the defendant accepts this plea agreement and enters a plea no later than May 3, 2001, the United States will recommend an appropriate downward

PLEA AGREEMENT/Ernest James Jackson - 4
1999R00797

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1   adjustment, pursuant to the United States Sentencing Guidelines, Section 3E1.1(a) or Section
2   3E1.1(b).

3       12.    Good Behavior.    The defendant agrees to obey all local, state, and Federal
4   laws between the time of pleading and sentencing, and to serve any sentence imposed by the
5   Court.

6       13.    Voluntariness of Plea.    The defendant acknowledges that he has entered this
7   plea agreement freely and voluntarily, and that no threats or promises, other than the promises
8   contained in this plea agreement, were made to induce the defendant to enter this plea of
9   guilty.

10      14.    Breach and Waiver.    The defendant understands and agrees that if the
11  defendant breaches the plea agreement, the defendant may be prosecuted and sentenced for all
12  of the offenses the defendant may have committed.  The defendant agrees that if the defendant
13  breaches this plea agreement, the United States Attorney reserves the right to take whatever
14  steps are necessary to nullify the plea agreement, including the filing of a motion to withdraw
15  from the plea agreement and/or to set aide the conviction and sentence.  The defendant also
16  agrees that if he is in breach of this plea agreement, the defendant is deemed to have waived
17  objection to the reinstitution of any charges under the Information which may have previously
18  been dismissed or which may have not been previously prosecuted.  The defendant further
19  agrees that if he is in breach of this agreement, the defendant is deemed to have also waived
20  objection to the filing of any additional charges against him.

21      15.    Statute of Limitations.    In the event that this agreement is not accepted by the
22  Court for any reason, or the defendant has breached any of the terms of this plea agreement,
23  the statute of limitations shall be deemed to have been tolled from the date of the plea
24  agreement to (1) 30 days following the date of non-acceptance of the plea agreement by the
25  Court or (2) 30 days following to the date of breach of the plea agreement by the defendant.

26  / / /
27  / / /
28  / / /

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1    16.   <u>Completeness of Agreement</u>.  The Government and the defendant acknowledge

2  that these terms constitute the entire plea agreement between the parties.

3       DATED: This ⟋2⟍ day of May, 2001

ERNEST JAMES JACKSON
Defendant

PAULA DEUTSCH
Attorney for Defendant

SUSAN LOITZ
Assistant United States Attorney

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

vb

United States District Court
for the
Western District of Washington
May 9, 2001

* * MAILING CERTIFICATE OF CLERK * *

Re:  2:01-cr-00153

True and correct copies of the attached were mailed by the clerk to the
following:

Susan G Loitz, Esq.
U S ATTORNEY'S OFFICE
STE 5100
601 UNION ST
SEATTLE, WA  98101-3903
FAX 553-2502

USPO - Seattle
US PROBATION OFFICE - SEATTLE
SUITE 4100
701 5TH AVE
SEATTLE, WA  98104
FAX 206-553-2248